

**FILED & ENTERED**

**NOV 15 2010**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY reid       DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Martin Manuel Marquez,<br><br><br><br><br><br>Debtor(s). | Case No: 8:10-bk-20737-ES<br><br>Chapter: 7<br><br>**BLANKET ORDER DEEMING AUTOMATIC STAY LIFTED AS TO ANY AND ALL INTERESTS IN REAL PROPERTY TRANSFERRED, DEEDED OR OTHERWISE CONVEYED TO DEBTOR MARTIN MANUEL MARQUEZ ON OR AFTER AUGUST 2, 2010 THROUGH AND INCLUDING THE CLOSING OF THIS CASE; AND ORDER CLOSING CASE** |

It appearing that

1. This bankruptcy case was commenced on August 2, 2010 ("Petition Date") by Martin Manuel Marquez ("Debtor");

2. According to Schedule A, as of the Petition Date, Debtor asserted an interest a single parcel property, described therein as "Residence described as 721 sq. ft. SFR with 2 bedrooms, 1 bath, 1 car garage"; no specific address was provided;

3. Within the four months prior to the Petition Date, fractional interests in at least four distressed real properties were transferred to Debtor for no consideration ("Prepetition Transfers"), resulting in the filing of at least four motions for relief from the automatic stay in this case [see Docket #s 23, 25, 28, and 37];

4. Since the Petition Date, fractional interests in at least seven additional distressed real properties have been transferred to Debtor for no consideration ("Postpetition Transfers"), resulting in the filing of at least seven additional motions for relief from the automatic stay [see Docket #s 21, 33, 48, 49, 50, 52, and 55];

5. The Prepetition Transfers and the Postpetition Transfers were made for the improper and bad faith purpose of avoiding the foreclosure of distressed real property; and

6. The Prepetition Transfers and the Postpetition Transfers constitute a flagrant abuse of the bankruptcy process, it is hereby

ORDERED that, pursuant to 11 U.S.C. § 105(a), the automatic stay provisions of § 362(a) imposed by the filing of this case are deemed lifted for all purposes as to any interest in real property transferred, deeded, or otherwise conveyed to Debtor prior to and subsequent to the Petition Date, through the date of entry of this order closing the case; and it is further

ORDERED that this case is CLOSED, and it is further

ORDERED that this court shall retain jurisdiction to hear any motion for relief from the automatic stay filed prior to the entry of this order and to issue any appropriate order related thereto. Once the case is closed, no stay will be in effect by operation of law. 11 U.S.C. § 362(c).

###

DATED: November 15, 2010

*Erithe A. Smith*
United States Bankruptcy Judge

- 2 -

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **BLANKET ORDER DEEMING AUTOMATIC STAY LIFTED AS TO ANY AND ALL INTERESTS IN REAL PROPERTY TRANSFERRED, DEEDED OR OTHERWISE CONVEYED TO DEBTOR MARTIN MANUEL MARQUEZ ON OR AFTER AUGUST 2, 2010 THROUGH AND INCLUDING THE CLOSING OF THIS CASE; AND ORDER CLOSING CASE** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of November 9, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Christopher Hoo    choo@millerlaw.biz
David F Makkabi    cmartin@pprlaw.net, dmakkabi@pralc.com
Christopher M McDermott    ecfcacb@piteduncan.com
Ramesh Singh    claims@recoverycorp.com
Nathan F Smith    nathan@mclaw.org
Eric J Testan    ecfcacb@piteduncan.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Darlene C Vigil    cdcaecf@bdfgroup.com
Catherine T Vinh    ecfcacb@piteduncan.com
Edward T Weber    eweber@rcolegal.com, bknotice@rcolegal.com
Alan Steven Wolf    wdk@wolffirm.com
John M Wolfe (TR)    john.wolfe1@earthlink.net, CA83@ecfcbis.com
Kristin A Zilberstein    bknotice@mccarthyholthus.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Martin Manuel Marquez
5901 Warner Ave #54
Huntington Beach, CA 92649

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page